IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**RANDY JOE BOWE, JR.**

        **Petitioner,**

                                            **Criminal Action No.: 5:12CR12**
**v.**                                         **Civil Action No.: 5:16CV16**
                                              **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

## REPORT AND RECOMMENDATION/OPINION

## I. INTRODUCTION

On February 18, 2016, Randy Joe Bowe, Jr. ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion"). (Civil Action No. 5:16CV16, ECF No. 1; Criminal Action No. 5:12CR12, ECF No. 251).[1] That same day, the Clerk of the Court mailed Petitioner a Notice of Deficient Pleading, which informed him that he had twenty-one (21) days to correct his Motion by filing it on the correct form as per Local Rule of Prisoner Litigation Procedure 3.4. (ECF No. 253). Petitioner filed his correct form ("Court-Approved Motion") on February 29, 2016. (ECF No. 256).

The undersigned now issues this Report and Recommendation on Petitioner's Motion without holding an evidentiary hearing. For the reasons stated below, the

---

[1] From this point forward, unless otherwise noted, all ECF numbers refer to filings in Criminal Action No. 5:12CR12.

1

undersigned recommends that the district judge deny and dismiss Petitioner's Motion and Court-Approved Motion [ECF No. 251 & 256] under 28 U.S.C. §2255.

## II. FACTS

*A.    Conviction and Sentence*

The petitioner, Randy Joe Bowe, Jr., was charged with several counts in a superseding indictment filed on June 5, 2012: (1) Conspiracy to Distribute Schedule II Controlled Substances in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 21 U.S.C. § 841(b)(1)(C); (2) Possession with Intent to Distribute Oxycodone in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C); (3) Aiding and Abetting in the Possession with Intent to Distribute Oxycodone in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), and 18 U.S.C. § 2; (4) two counts of Maintaining a Drug-Involved Premise in violation of 21 U.S.C. § 856(a)(1); and (5) a Forfeiture Allegation pursuant to 21 U.S.C. § 853(p). (ECF No. 59).

On July 19, 2012, the Petitioner entered a plea of guilty to Count 1 of the Superseding Indictment charging him with Conspiracy to Distribute Schedule II Controlled Substances (oxycodone and oxymorphone) in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 841(b)(1)(C). (ECF No. 96). Senior Judge Frederick P. Stamp, Jr. found that Petitioner's relevant conduct established a base offense level of 30. The Court also found that Petitioner engaged in a Specific Offense Characteristic (a firearm and a knife were possessed), providing an offense level of 32. From level 32, three levels for acceptance of responsibility were deducted, for a total offense level of 29. With a criminal history category of VI, the guidelines provided a sentencing range

of 151-188 months. Senior Judge Frederick P. Stamp, Jr. sentenced the Petitioner to a period of incarceration of 151 months. (ECF No. 128).

B. *Direct Appeal*

The Petitioner did not appeal his conviction to the United States Court of Appeals for the Fourth Circuit.

C. *Federal Habeas Corpus and Post Conviction Proceedings*

On November 3, 2014, Petitioner filed a Motion to Reduce Sentence (ECF No. 188), seeking a reduction under the 2007 guideline amendments. The Court granted the Petitioner's motion pursuant to 18 U.S.C. § 3582(c)(2) and reduced the previously imposed sentence of imprisonment from 151 months to 130 months. (ECF No. 197).

In his Court-Approved Motion [ECF No. 256], Petitioner raises the following claims[1]:

1. "The enhanced sentence was improper and unconstitutional exercise in judicial fact finding. I was enhanced for my codefendant's handgun that he had a carry conceal permit for. He layed [sic] it on my couch to keep from getting shot and I got enhanced."

2. "I make a claim of 'actual innocence' regarding any involvement with that gun. The reason no one was ever charged with my codefendants gun is because it had nothing to do with any illegal conduct. The fact that my codefendant was not penalized in any way for it speak volumes."

3. "The mistaken erroneous inclusion in my P.S.I. of the handgun that was used to wrongly enhance me is reason enough for this court to order that I be resentenced. An erroneous P.S.I. may be fixed because it is 'part of the Record and hence may be corrected at anytime This directly impacted my sentence and custody classification . . . .'"

(ECF No. 256 at 9-12).

---

[1] All claims raised by the Petitioner were in regard to facts known to him at the time of original sentencing.

Petitioner asked the Court to grant the following relief: "I want to be Resentenced without the gun enhancement . . . That I was wrongly enhanced for . . ." (ECF No. 256 at 17).

### III. ANALYSIS

Petitioner's Motion and Court-Approved Motion under 28 U.S.C. § 2255 is untimely. A one-year statutory limitation applies to all motions brought under 28 U.S.C. § 2255. See 28 U.S.C. § 2255(f). This one-year period runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

Although the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not define when a judgment of conviction becomes final, the Fourth Circuit has determined that a conviction is final on the date upon which petitioner fails to pursue further direct appellate review. See United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (quoting United States v. Torres, 211 F.3d 836, 837 (4th Cir. 2000)). Petitioner's judgment order was entered on October 9, 2012. (ECF. No. 134). Petitioner declined to pursue an appeal; therefore, his conviction became "final" for the purposes
4

of § 2255(f)(1) on October 23, 2012, fourteen days after the judgment of conviction. See Clay v. United States, 537 U.S. 522 (2003). Petitioner had one year, or until October 23, 2013, to file a timely § 2255 Motion. However, he did not file his motion until February 18, 2016, more than two (2) years after the one year statute of limitations had ended.

The undersigned is mindful that in Magwood v. Patterson, 561 U.S. 320 (2010), the Court held that the issuance of a writ of habeas corpus setting aside a sentence as invalid, followed by the imposition of a new sentence, resets the clock and the count, so that an attack may be waged against the new sentence even if the same legal grounds could have been urged against the original sentence. To say that the Petitioner's sentence has changed is not, however, to say that he is in the same position as Magwood, who demonstrated in his initial collateral attack that his original sentence violated the Constitution. Petitioner, unlike Magwood, was not sentenced anew. The procedure established by § 3582(c) is not "resentencing". See Dillon v. United States, 560 U.S. 817 (2010). It is a sentence-reduction proceeding.

There are substantial differences between resentencing and sentence reduction under § 3582(c). One is that the district judge need not (and usually does not) receive evidence or reopen any issue decided in the original sentencing. Nor does the judge hold a hearing at which the defendant is present and a new sentence is pronounced. Instead the judge takes as established the findings and calculations that led to the sentence and changes only the revised Guideline, leaving everything else the same. See United States v. Wren, 706 F.3d 861 (7th Cir. 2013), relying on U.S.S.G. § 1B1.10(b)(1), which tells courts that when making retroactive adjustments they "shall

leave all of the guideline application decisions unaffected." The penalty goes down, but the original judgment is not declared invalid. Moreover, Petitioner is not making a challenge to his resentencing pursuant to § 3582(c), but instead, is challenging his conviction and judgment. Accordingly, his § 2255 Motion is clearly untimely.

However, despite Petitioner's motion being over the one-year statute of limitations, the Fourth Circuit Court of Appeals has held that *pro se* litigants should be afforded one last opportunity before dismissal is warranted:

> When a federal habeas court, prior to trial, perceives a *pro se* § 2255 petition to be untimely and the Government has not filed a motion to dismiss based on the one-year limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation that it is timely based on equitable tolling principles or any of the circumstances enumerated in § 2255(f).

Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); see also United States v. Sosa, 364 F.3d 507 (4th Cir. 2004). Accordingly, Petitioner is hereby notified that his Section 2255 action will be dismissed as untimely unless he can demonstrate within the objection period described below that his petition can be salvaged by § 2255(f)(3) or the principle of equitable tolling.

## V.  RECOMMENDATION

Based upon review of the record, the undersigned recommends that Petitioner's Motion and Court-Approved Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 5:16CV16, ECF No. 1; Criminal Action No. 5:12CR12, ECF No. 251 & 256] be **DENIED** and **DISMISSED WITH PREJUDICE** because Petitioner's motion is untimely.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., Senior United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to the *pro se* Petitioner, Randy J. Bowe, Jr., by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 13, 2016.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE