IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RANDY JOE BOWE, JR.,

    Petitioner,

v.                                         Civil Action No. 5:16CV16
                                         (Criminal Action No. 5:12CR12-02)
UNITED STATES OF AMERICA,                   (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
DISMISSING § 2255 MOTION AND
OVERRULING PETITIONER'S FILING
CONSTRUED AS OBJECTIONS**

    The petitioner, Randy Joe Bowe, Jr. ("Bowe"), filed this pro se[1] motion under 28 U.S.C. § 2255 challenging the validity of his conviction and sentence. This matter was referred to United States Magistrate Judge Michael John Aloi under Local Rule of Civil Procedure 72.01. The magistrate judge entered a report recommending that Bowe's motion be denied. Bowe then filed a motion containing statements this Court construes as objections. For the following reasons, the magistrate judge's report and recommendation is adopted and affirmed, Bowe's § 2255 motion is denied, and Bowe's statements construed as objections are overruled.

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

I. <u>Background</u>

Bowe was convicted of conspiracy to distribute oxycodone and oxymorphone in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). This Court sentenced Bowe to 150 months of imprisonment, to be followed by three years of supervised release. This Court adopted the Presentence Investigation Report ("PSR"), which recommended a two-level increase based on the specific offense characteristic of possession of dangerous weapons, a knife and a gun, during the commission of the offense under U.S.S.G. § 2D1.1(b)(1). On March 3, 2015, Bowe's sentence was reduced to 130 months of imprisonment under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines, also known as the "Drugs Minus Two" amendment. Bowe did not challenge the validity of his conviction or sentence on direct appeal. He has now filed this motion under 28 U.S.C. § 2255, arguing that the enhancement should not have been applied because his co-conspirator had a lawful permit to own and possess the gun. Bowe asks this Court to resentence him without the enhancement.

Magistrate Judge Aloi entered a report recommending that Bowe's motion be denied as time-barred. Bowe then filed a motion requesting appointed counsel and an extension of the deadline to file objections to the report and recommendation. This Court denied Bowe's request for appointed counsel and gave him a 90-day extension of the deadline to file objections to the report and

recommendation. Bowe did not file objections. However, his motion included statements that he believes the alleged errors in the PSR and resulting sentence constitutes a jurisdictional defect that can be challenged at any time and cannot be time-barred. This Court construes Bowe's statement as objections to the report and recommendation.

## II. Applicable Law

Because this Court concludes that the petitioner timely filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. 28 U.S.C. § 636(b)(1)(C). As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

Section 2255(f) imposes a one-year period of limitation for filing a § 2255 motion. Specifically, § 2255(f) provides that

The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Bowe does not allege there was any impediment to making his motion, that he asserts a newly recognized right, or that the supporting facts could not have been discovered through the exercise of due diligence. Because Bowe did not appeal his conviction and sentence, it became final on October 23, 2012. Accordingly, Bowe had until October 23, 2013 to file a motion under § 2255. He filed this motion on February 18, 2016. Further, the time for Bowe to file his motion was not extended by the modification of his sentence under § 3582(c)(2) and the Drugs Minus Two amendment. The reduction in Bowe's sentence did not constitute a "resentencing" under Magwood v. Patterson, 561 U.S. 320 (2010), and did not reset the clock for filing a § 2255 motion. See Dillon v. United States, 560 U.S. 817, 825-26 (2010) (concluding that "[b]y its terms, [18 U.S.C.] § 3582(c)(2) does not authorize a sentencing or resentencing proceeding," but provides only for "modif[ication of] a term of imprisonment" by giving courts the power to 'reduce' an otherwise final sentence" (second alteration in original) (quoting 18 U.S.C. § 3582(c)(2))).

The magistrate judge's report and recommendation provided Bowe with sufficient notice that his motion may be denied as time-

4

barred, and this Court's 90-day extension to the deadline to file objections gave Bowe ample opportunity to respond. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (concluding that a pro se habeas petitioner must be given prior notice and an opportunity to respond before a court may sua sponte dismiss the petition as time-barred). While Bowe did not file objections to the report and recommendation, his motion for appointed counsel and an extension of the deadline to file objections included statements this Court construes as objections. Bowe stated that he believes the alleged errors in the PSR and resulting sentence constitute a jurisdictional defect that can be challenged at any time and cannot be time-barred. However, issues regarding any error in a conviction or sentence are matters of substantive law, not subject matter jurisdiction. This Court had subject matter jurisdiction to impose Bowe's conviction and sentence. See 18 U.S.C. §§ 3231, 3232. Accordingly, Bowe's motion is time-barred.

Finally, Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. This memorandum opinion and order is a final order adverse to the petitioner in a case in which 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability to take an appeal.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, this Court finds that Bowe fails to make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). This Court concludes that reasonable jurists would not find this Court's ruling to be debatable. Accordingly, Bowe is DENIED a certificate of appealability by this district court. Bowe may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue a certificate of appealability.

## IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 7/258) is AFFIRMED AND ADOPTED. Accordingly, Bowe's § 2255 motion (ECF Nos. 1/251, 6/256) is DENIED and Bowe's motion construed as objections to the report and recommendation (ECF No. 260) are OVERRULED. It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: November 8, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE